**Wells Fargo Bank, N.A. v Hezekiah HRM Inc.**

2024 NY Slip Op 33558(U)

October 1, 2024

Supreme Court, Kings County

Docket Number: Index No. 511193/2016

Judge: Derefim B. Neckles

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-2 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, 11201 on the 1st day of October, 2024.

PRESENT:

HON. DEREFIM B. NECKLES,
                                        Acting Justice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WELLS FARGO BANK, N.A. AS TRUSTEE FOR
OPTION ONE MORTGAGE LOAN TRUST
2007-CP1, ASSET-BACKED CERTIFICATES,
SERIES 2007-CP1,

                          Plaintiff,

                - against -                                    Index No. 511193/2016

HEZEKIAH HRM INCORPORATED; JPMORGAN
CHASE BANK, N.A.; UNITED STATES OF
AMERICA – INTERNAL REVENUE SERVICE;
NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE; "JANE DOE";
"JOHN DOE"; "JOHN DOE",

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| The following e-filed papers read herein: | NYSCEF Doc Nos. |
|---|---|
| Notice of Motion/Affidavits (Affirmations) Annexed | 81-88, 126-134 |
| Opposition to Motion | 94-103 |
| Cross Motion/Affidavits (Affirmations) Annexed | 104-114, 135-137 |

Upon the foregoing papers in this proceeding to foreclose on a mortgage on the subject property located at 3614 Avenue D, Brooklyn, NY 11203, plaintiff moves (under mot. seq. 3) for an order (1) confirming the referee's report made in accordance with RPAPL §1321, (2) granting a judgment of foreclosure and sale pursuant to RPAPL §1351, and (3) directing he distribution of the sale proceeds pursuant to RPAPL §1354.

[* 1]

Defendant, Hezekiah HRM Incorporated ("Hezekiah"), cross-moves (under mot. seq. 4) for an order dismissing plaintiff's complaint on the grounds that (1) plaintiff does not have standing, (2) the lawsuit is barred by the statute of limitation under the Foreclosure Abuse Prevention Act ("FAPA"), and (3) for plaintiff's failure to give mandatory notices under RPAPL §1303 and §1304.

### Background

Borrower Gloria Thornhill ("Borrower"), now deceased, received a loan in the amount of $456,000.00 from Alliance Mortgage Banking Corp ("Alliance"), memorialized by a note dated November 28, 2006, secured by a mortgage, which encumbers the subject property. Borrower defaulted under the terms of the loan and plaintiff commenced an action to foreclose on the loan on August 23, 2007. The 2007 action was then discontinued by plaintiff on August 23, 2007. Plaintiff then commenced a mortgage foreclosure on February 7, 2008, to foreclose on the loan, but the action was dismissed for lack of standing on September 17, 2013.

On November 1, 2008, the Borrower executed a Loan Modification Agreement with a modified principal balance of $543,923.56. On July 9, 2010, Borrower filed for Chapter 13 Bankruptcy and on October 21, 2013, the United States Bankruptcy Court Northern District of New York, granted a discharge of the debts of the Borrower. Borrower passed away on October 2, 2014, but conveyed her ownership interest in the subject property to defendant, Hezekiah prior to her death.

2

[* 2]

As a result of the Borrower's default on the loan modification, plaintiff commenced a foreclosure action on June 10, 2015. This action was voluntarily discontinued by plaintiff. Plaintiff then commenced this instant action to foreclose on the modified loan on June 30, 2016. Defendant Hezekiah was served with the summons and complaint and filed an answer. This court granted plaintiff's motion for summary judgment and defendant's answer was stricken on February 8, 2022.

Plaintiff now files this instant motion for a judgment of foreclosure and sale and defendant cross-moves to dismiss the plaintiff's complaint.

### Discussion

An action to foreclose a mortgage is governed by a six-year statute of limitations (*see Lubonty v U.S. Bank N.A.*, 159 AD3d 962, 963 [2d Dept 2018]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (*id.* at 963).

Under the law, plaintiff's discontinuance of the 2007 prior foreclosure action did not de-accelerate the debt that plaintiff previously accelerated when it commenced the 2007 prior foreclosure action on August 23, 2007 (*Anglestone Real Est. Venture Partners Corp. v Bank of New York Mellon*, 221 AD3d 943, 946 [2d Dept 2023] [holding that under FAPA, "the voluntary discontinuances of the prior actions did not serve to revive or reset the statute of limitations"]). Thus, the six-year statute of limitations began running on August 23, 2007 and expired on August 23, 2013, before plaintiff commenced this foreclosure action on June 30, 2016.

[* 3]

Plaintiff, in opposition, contends that FAPA is inapplicable to this action because the borrower received a loan modification in 2008, therefore the applicable acceleration date is when the 2015 action was commenced, since it was to foreclose on the loan modification. Contrary to plaintiff's contention, the loan modification was executed during the pendency of the 2008 action, which was later dismissed, and does not change the fact that lender accelerated the loan in 2007.

Given this action is time-barred pursuant to FAPA, the court need not address the parties' remaining arguments.

Accordingly, it is herby

**ORDERED** that plaintiff's motion (mot. seq. 3) for a judgment of foreclosure and sale is denied in its entirety; and

**ORDERED** that defendant Hezekiah's motion (mot. seq. 4) to dismiss plaintiff's complaint is granted, and (1) plaintiff's action is dismissed as time barred, and (2) the June 7, 2022, notice of pendency filed against the subject property is cancelled.

This constitutes the decision and order of the court.

E N T E R,

HON. DEREFIM B. NECKLES
A. J. S. C.

4